Jack B. WILSON v. STATE of Arkansas

CR 78-38                                                    569 S.W. 2d 87

Opinion delivered June 26, 1978
(Division II)
[Rehearing denied September 5, 1978.]

*Hurst & Tapp*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Jesse L. Kearney*, Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. On July 7, 1977, the State of Arkansas filed an information charging the appellant with theft of property in excess of $10,000.00 in violation of Arkansas Statutes 41-2203. The information alleges the theft to have occurred on June 2, 1977.

The evidence presented at trial showed that appellant was employed by the Weyerhaeuser Company in Dierks, Arkansas, as weighmaster and had the job of weighing and recording the inflow of raw materials (logs) into the company log yard, which records were used to calculate the payment due the suppliers of the logs.

Company officials became aware of certain discrepancies in the records of deliveries of logs and suspected that fraudulent weight tickets were being distributed at the scales. Two employees of the company were assigned to maintain surveillance of the weigh scales and report all deliveries.

During the dates of May 31, through June 6, 1977, the reports made by the employees assigned to observe the inflow of logs, showed a discrepancy in the weighmasters' report from the period of 3:30 p.m. to 5:30 p.m. of each day of observation. At such time and on said days, the appellant, Jack B. Wilson, was the weighmaster on duty, working alone.

Upon confirming the discrepancy, the company officials thoroughly examined the records of deliveries, going back

from June 6, 1977, to January, 1977. Throughout the period reviewed, a total of 82 tickets were concluded to be invalid and fraudulent, valuing a total of $39,587.00. The witness states with positive certainty that over $15,000 worth of the 82 tickets were in fact invalid.

The state also introduced without contest the confession by appellant given on June 7, 1977. This confession was read to the jury in its entirety. At the end of the appellant's trial, the jury returned a verdict against the appellant, finding him guilty of theft of property in excess of $10,000.00 and sentenced him to prison for 3 years and a fine of $5,000.00. The Court entered judgment thereon.

From this judgment and sentence, the appellant brings this appeal raising the issues hereinafter discussed.

POINT I. Appellant contends that the court erred in admitting evidence that appellant had violated Ark. Stat. Ann. § 41-2203 (Repl. 1977), except as to June 2, 1977, the date stated in the information. We find no merit to this contention. Ark. Stat. Ann. § 43-1015 (Repl. 1977), provides:

"The statement in the indictment, as to the time at which the offense was committed, is not material, further than as a statement that it was committed before the time of finding the indictment, except where the time is a material ingredient of the offense."

Furthermore, Ark. Stat. Ann. § 41-2202(3) (Repl. 1977) provides: ". . . amounts involved in theft committed pursuant to one (1) scheme or course of conduct, whether from one or more persons, may be aggregated in determining the grade of the offense." Since the information alleged theft of property in excess of $10,000, appellant could not have been misled by the date in the information.

POINT II. After a witness for the State had testified to 82 fraudulent weight tickets, the trial court determined that the witness could not, with reasonable certainty, say that all of the 82 tickets were fraudulent. At that time the trial court limited the testimony of the witness to some 32 tickets in-

volving over $15,600. We cannot say on the record before us that the trial court erred in refusing to declare a mistrial. See *Gammel & Spann* v. *State,* 259 Ark. 96, 531 S.W. 2d 474 (1976).

POINT III. Present counsel contend that the trial court committed reversible error in permitting appellant's confession to be introduced without a "Denno" hearing. The record shows that when the issue arose, the trial court made inquiry about the matter and that appellant's counsel in open court waived any objections to the introduction of the confession and agreed that the confession was constitutionally proper. Appellant later took the witness stand and testified with reference to the statement without giving the court any indication that he did not condone the act of his counsel in making the agreement about the confession. On the record before us, we must hold that the "Denno" hearing was waived.

POINT IV. On cross-examination appellant was asked about the total value of the alleged 82 fraudulent tickets. The trial court sustained appellant's objection to the question and appellant was never called upon to answer the question. Upon the record before us, we cannot say that the trial court erred in refusing appellant's motion for a mistrial.

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.